OPINION
{¶ 1} Robert V. Durrstein appeals from a judgment of the Montgomery County Court of Common Pleas, which granted summary judgment in favor of Durrstein's former attorney, Bobby Joe Cox, on Durrstein's legal malpractice case.
 {¶ 2} In 1999, Durrstein hired Cox to represent him on a domestic violence complaint filed by his wife, Cynthia Marjean Durrstein. A consent decree was entered in that case that resulted in the issuance of a civil protection order, but no finding that Durrstein had committed domestic violence was made.
 {¶ 3} In January 2000, Durrstein's wife filed a complaint for divorce. Cox represented Durrstein in the divorce action. The issues related to the divorce were settled, and the judge specified that all protection orders from the domestic violence case were to remain in effect. Shortly thereafter, Durrstein informed Cox that he wanted to file appeals in both of his cases and to sue his former wife and her attorney. Cox terminated his representation of Durrstein at that point. Durrstein then filed an action for legal malpractice against Cox, which is the subject of this appeal.
 {¶ 4} Durrstein filed a complaint against Cox, pro se, on November 20, 2001. The complaint alleged that Cox had not adequately represented Durrstein because Cox had failed to disprove Durrstein's wife's false allegation in the domestic violence proceedings and had misled Durrstein into consenting to a divorce decree that did not release him from the constraints of the protection order. Cox filed a motion for summary judgment, and Durrstein opposed the motion. The trial court granted the motion for summary judgment on two grounds. The trial court found that the statute of limitations had run with regard to Cox's representation in the domestic violence action. With respect to the divorce action, the court found that Durrstein had failed to support his allegations of malpractice with any documentary evidence, whereas Cox had provided evidence that his performance had been proper.
 {¶ 5} Durrstein appeals, but his brief does not present assignments of error. The brief is full of accusations of conspiracy, corruption, intimidation, and "evasion of legal and ethical responsibility" within the legal profession and the judicial system. None of these claims is supported by any evidence. We will limit our review of this matter to the propriety of the trial court's decision to grant summary judgment to Cox.
 {¶ 6} The consent decree in the domestic violence action was entered in April 1999, and Durrstein's complaint against Cox was filed in November 2001. The statute of limitations on legal malpractice actions is one year. R.C. 2305.11(B)(1); Roberts v. Hutton, Franklin App. No. 01AP-1465 and 02AP-6, 2003-Ohio-1650, ¶ 56. Cox's representation of Durrstein in the domestic violence action had terminated more than one year before the filing of Durrstein's complaint for malpractice. Thus, the trial court properly granted summary judgment on this claim.
 {¶ 7} With respect to the divorce action, Durrstein claims that Cox misled him into consenting to an agreement that retained the protection orders issued in the previous case. He claims to have believed that the protection orders would not remain in effect after the final divorce decree was entered.
 {¶ 8} Durrstein himself stated at the hearing on the divorce settlement that he had been very happy with Cox's representation. Moreover, Cox attached two affidavits to his motion, one of his own and one from attorney John Harrison, stating that Cox's actions had been reasonable by professional standards. Harrison also stated that, based on his experience and his review of Mrs. Durrstein's petition for a protective order, he believed that the trial court would have granted the civil protection order following a hearing if Durrstein had not consented to it. Mrs. Durrstein's attorney also submitted an affidavit stating that his client would never have agreed to a divorce decree that did not retain the civil protection order. Further, Durrstein had asked the trial court to remove the civil protection order in November 2001, and the trial court concluded that Durrstein had presented insufficient evidence to warrant vacating the order. In sum, Cox presented a variety of evidence pursuant to Civ.R. 56(C) that tended to show that he had acted reasonably in his representation of Durrstein in the divorce proceedings notwithstanding the fact that the protective order remained in effect.
 {¶ 9} In response to Cox's motion for summary judgment, Durrstein did not file any evidence related to Cox of the type permitted by Civ.R. 56(C). He submitted a rambling diatribe against his wife, Cox, law enforcement officials, and the judicial system, which was styled as an "Objection to Motion for Summary Judgment." However, this statement was not notarized and thus could not be considered as evidence pursuant to Civ.R. 56(C). Durrstein did attach a notarized affidavit to his Objection to Motion for Summary Judgment, but the contents of that affidavit related only to his relationship with his wife. Cox is not mentioned therein. Thus, the notarized affidavit had no bearing on the issues before the trial court on summary judgment. Durrstein presented no evidence of the type permitted by Civ.R. 56(C) to rebut the evidence presented with Cox's motion for summary judgment. In other words, there was no genuine issue of material fact as to whether Cox had acted competently in representing Durrstein. As such, the trial court properly granted Cox's motion for summary judgment.
 {¶ 10} Durrstein's claims are without merit.
 {¶ 11} The judgment of the trial court will be affirmed.
BROGAN, J., and GRADY J., concur.